AO 245D   (Rev. 6/2005) Judgment in a Criminal Case for Revocations (Rev. USAO 10/2005)
Sheet 1

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __WASHINGTON__

UNITED STATES OF AMERICA
v.

TERRANCE COOPER

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Case Number: CR03-5439RBL
USM Number: 67621-080

COLIN FIEMAN
Defendant's Attorney

**THE DEFENDANT:**

√ admitted guilt to violation of conditions __1,3,4, and 5__ of the term of supervision.

☐ was found in violation of conditions _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation No. | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failing to Submit a Truthful and Complete Written Report in violation standard condition 2 | May and June 2006 |
| 3 | Failing to Notify Probation Office of Arrest in violation of standard condition 11 | 5/24/2006 |
| 4 | Failing to Report to the Probation Office in violation of standard condition 2 | 6/8 and 16, 2006 |
| 5 | Failing to Report to the Probation Office for Drug Testing in violation of a special condition he participate in a program for treatment of narcotic addiction or drug dependency | 6/15-16; 6/26; 7/5 and 7/11, 2006 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

√ The defendant has not violated condition __2__ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.: XXX-XX- 3568
(Last four digits only)
Defendant's Date of Birth: XX-XX- 1964

DOUGLAS J. HILL, Special Assistant United States Attorney

October 26, 2006
Date of Imposition of Judgment

Signature of Judge

The Honorable Ronald B. Leighton, U.S. District Judge
Name and Title of Judge

October 26, 2006
Date

03-CR-05439-JGM

AO 245D    (Rev. 6/2005) Judgment in a Criminal Case for Revocations (Rev. USAO 10/2005)
           Sheet 2— Imprisonment

|  |  |
|---|---|
| DEFENDANT: | TERRANCE COOPER |
| CASE NUMBER: | CR03-5439RBL |

Judgment — Page  2  of  4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of : _Sixty (60) days._

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 6/2005) Judgment in a Criminal Case for Revocations (Rev. USAO 10/2005)
           Sheet 3 — Supervised Release

Judgment—Page  3  of  4

**DEFENDANT:**     TERRANCE COOPER
**CASE NUMBER:**   CR03-5439RBL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: twenty-four (24) months. ~~years.~~

- ☐ The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
- ✓ The defendant shall not commit another federal, state or local crime.
- ☐ The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, up to a maximum of _____ tests per month at dates and times directed by the U.S. Probation Officer.
- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ✓ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ✓ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D    (Rev. 6/2005) Judgment in a Criminal Case for Revocations (Rev. USAO 10/2005)
Sheet 3A — Supervised Release

Judgment—Page __4__ of __4__

DEFENDANT:      TERRANCE COOPER
CASE NUMBER:    CR03-5439RBL

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall not possess a firearm, destructive device or any other dangerous weapon.

2. The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

3. The defendant shall submit to one drug test within 15 days of placement on probation (or release from imprisonment) and at least two periodic drug tests thereafter not to exceed eight valid tests per month pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

4. The defendant shall participate as instructed by the defendant's probation officer in a program approved by the probation office for treatment of narcotic addiction or drug dependency, which may include testing to determine if the defendant has reverted to the use of drugs. <u>The defendant shall abstain from the use of alcohol and/or other intoxicants while on supervised release.</u>

5. The defendant shall participate in the home confinement program which shall include electronic monitoring and the sobrieter as directed by the probation office for a period of <u>120</u> days. The defendant shall pay the cost of home confinement as directed by the probation office.

6. The defendant shall submit to searches of his person, residence, office, property, storage unit or vehicle conducted in a reasonable manner and at a reasonable time by a probation officer.

7. The defendant shall participate as instructed in a mental health treatment program approved by the probation office.

8. The defendant shall be prohibited from gambling and the defendant shall not enter, frequent or be otherwise involved with any legal or illegal gambling establishment or activity, except if approved by the defendant's probation officer.

9. The defendant shall attend Gambler's Anonymous meetings if directed to do so by the defendant's probation officer.

10. The defendant shall provide the probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's Federal Income Tax Returns.

11. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's probation officer.

12. The defendant shall have no direct or indirect contact with Jamelah Lewis during the term of supervision without the express approval of the defendant's probation officer.

        RBL   T.C.